IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STEVEN D. CRAWFORD,

Defendants.

8:20-CR-00247

**ORDER ON MOTION TO EXTEND**

Before the Court is a *pro se* filing from defendant Steven Crawford, requesting a 90-day extension to file a petition for habeas relief. Filing 116 at 1–2. The Court construes this filing as a motion to equitably toll the statute of limitations to file a petition for habeas relief under 28 U.S.C. § 2255(f). Filing 116 at 1.

In this case, Crawford pleaded guilty to using a firearm during drug trafficking and being a felon in possession of a firearm. Filing 1 at 2–3; Filing 111 at 1–2. Crawford was thereafter sentenced to 180 months incarceration. Filing 111 at 1–2. Judgment was filed in Crawford's case on July 22, 2022, and Crawford did not file a direct appeal. Filing 111 at 1–2. Crawford has not yet filed a petition for habeas relief or any other postconviction relief in this matter. On July 10, 2023, Crawford filed the pending Motion. Filing 116 at 1.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes "a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Odie v. United States*, 42 F.4th 940, 944–45 (8th Cir. 2022) (citing *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)). Ordinarily, the statute of

1

limitations begins to run when the criminal judgment becomes final.[1] 28 U.S.C. § 2255(f)(1). When a defendant does not file a direct appeal, judgment becomes final 14 days after entry of judgment. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (explaining that a judgment becomes final when the period to file an appeal expires); Fed. R. App. P. 4(b)(1)(A) (stating that a defendant must file a notice of appeal within 14 days after entry of judgment). Nevertheless, there are some limited instances in which the one-year statute of limitations under § 2255(f) may be equitably tolled to permit an inmate to file a timely petition for habeas relief. *See Odie*, 42 F.4th at 946. Specifically, the Eighth Circuit Court of Appeals has held that the one-year statute of limitations enunciated at 28 U.S.C. § 2255(f) may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Muhammad*, 735 F.3d at 815 (alteration in original) (internal quotation marks and citations omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

At the outset, the Court notes that only the pending Motion, not a habeas petition, is before it. Although the Eighth Circuit has not yet addressed the issue, many district courts in this circuit have decided that a court lacks jurisdiction to consider tolling the statute of limitations under § 2255(f) when the movant has not filed a habeas petition. *See, e.g., United States v. Adams*, No. 3:18-CR-30147-RAL, 2022 WL 8016824, at *2 (D.S.D. Oct. 14, 2022) ("[A] court's determination of whether to grant equitable tolling can only occur upon the filing of the § 2255 motion." (quoting *United States v. Red Legs*, 2022 WL 3585150, at *2 (D.S.D. Aug. 22, 2022)); *United States v.*

---

[1] 28 U.S.C. § 2255(f) also provides that a habeas petition may be filed one year after (1) "the date on which the impediment to [filing a petition] created by the governmental action in violation of the Constitution or laws of the United States is removed"; (2) "the date on which the right asserted was initially recognized by the Supreme Court" if that right was made retroactively applicable to habeas cases; or (3) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

*Poole*, No. CR13-3003-MWB, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015) ("A federal court can only grant a defendant's request for an extension of time to file a § 2255 motion when the defendant . . . requests the extension upon or after filing a § 2255 motion . . . ."). Several federal courts of appeals have reached the same conclusion. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *see also Swichkow v. United States*, 565 F. App'x 840, 843-44 (11th Cir. 2014); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003). *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). This Court agrees with the reasoning of these courts and denies Crawford's Motion on this basis. However, given that the Eighth Circuit has not ruled on this issue, the Court will also address the merits of Crawford's Motion.

Beginning with whether Crawford demonstrates "extraordinary circumstances" supporting equitable tolling, the Eight Circuit has said that "extraordinary circumstances" are those which are "beyond a prisoner's control [and which] prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). Extraordinary circumstances have been found to exist in the event of serious misconduct on the part of the movant's attorney, such as failing to file the movant's petition in a timely manner. *See Muhammad*, 735 F.3d at 816 (citing *Martin*, 408 F.3d at 1093) (internal citations omitted). Extraordinary circumstances have also been found where the movant's attorney repeatedly lied to the movant about crucial matters concerning the movant's case, such as filing deadlines. *See id.* (citing *Martin*, 408 F.3d at 1095).

In the case at hand, Crawford has not presented the Court with any extraordinary circumstances that would justify an application of equitable tolling. Crawford says in his filing that "due to this institution [(USP Pollock)] continuously [being] . . . on modified lockdown[,] it's

hard for me to work on my legal case." Filing 116 at 1. However, Crawford fails to elaborate how this constitutes an extraordinary circumstance that justifies tolling the limitations statute. Moreover, assuming Crawford means that he has had inadequate access to his prison's law library or legal assistance, the Eighth Circuit has "recognized that equitable tolling was not proper when an unrepresented prisoner claimed lack of legal resources." *Muhammad*, 735 F.3d at 815; *see also Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000))). Crawford fails to cite any extraordinary circumstances sufficient to justify equitable tolling. *See, e.g.*, *Muhammad*, 735 F.3d at 816 (citing *Martin*, 408 F.3d at 1093, 1095).

Moreover, even if the Court were to find that Crawford's situation presents an extraordinary circumstance, the statute could still not be tolled because of Crawford's lack of diligence. *See, e.g.*, *id.* (finding that an inmate "would not be able to take advantage of equitable tolling because he did not act with diligence"). Diligence on the part of the inmate seeking postconviction relief "can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Odie*, 42 F.4th at 946 (quoting *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require '*reasonable efforts*.'" *Id.* (emphasis in original) (quoting *Deroo*, 709 F.3d at 1246, & *Ingram v. United States*, 932 F.3d 1084, 1090 (8th Cir. 2019)). "[R]easonable diligence" is different than "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). Furthermore, an inmate seeking postconviction relief "may receive the benefit of equitable tolling if he can establish that a court's

4

conduct 'lulled [him] into inaction through reliance on that conduct.'" *Odie*, 42 F.4th at 946 (alteration in original) (quoting *Burns v. Prudden*, 588 F.3d 1148, 1152 (8th Cir. 2019)).

Judgment was filed in Crawford's case on July 22, 2022, and Crawford did not file a direct appeal. Filing 111 at 1–2. There is no indication in the record that Crawford has been attempting to pursue habeas relief beyond the instant Motion. The fact that Crawford did not file this Motion until nearly a year after entry of Judgment demonstrates a lack of diligence on Crawford's part. Crawford's actions can be distinguished from other instances in which the Eight Circuit has found reasonable diligence on the part of a movant inmate. *See, e.g.*, *Muhammad*, 735 F.3d at 816–17 ("This court has found a section 2255 movant demonstrated diligence when he hired counsel well ahead of the deadline, 'did everything in [his] power to stay abreast of the status of his case,' provided original documents to his attorney to assist with the motion, filed a complaint with the state bar, and filed motions with the district court seeking an extension of time and the return of documents submitted to the attorney." (quoting *Martin*, 408 F.3d at 1095)). As such, based on the information presently before the Court, Crawford has not shown "reasonable efforts" that would satisfy the diligence element outlined above. *See Odie*, 42 F.4th at 946.

Based on the information provided by Crawford, his *pro se* motion to "extend" the statute of limitations does not have merit. Accordingly,

IT IS ORDERED that defendant Steven D. Crawford's Motion to Extend, Filing 116, is denied.

Dated this 28th day of July, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

5